# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-3428-RBJ

THE STATE OF COLORADO,

    Plaintiff,

v.

DONALD J. TRUMP, in his official capacity as President of the United States,
PETE HEGSETH, in his official capacity as Secretary of Defense,
TROY MEINK, in his official capacity as Secretary of the Air Force,
SEAN DUFFY, in his official capacity as Secretary of Transportation,
BROOKE ROLLINS, in her official capacity as Secretary of Agriculture,
CHRIS WRIGHT, in his official capacity as Secretary of Energy,
DOUG BURGUM, in his official capacity as Secretary of the Interior,
KRISTI NOEM, in her official capacity as Secretary of Homeland Security,
KAREN EVANS, in her official capacity as Acting Director of the Federal Emergency Management Agency,
PAM BONDI, in her official capacity as Attorney General,
BRIAN STONE, in his official capacity as Acting Director of the National Science Foundation,
EXECUTIVE OFFICE OF THE PRESIDENT,
DEPARTMENT OF DEFENSE,
DEPARTMENT OF THE AIR FORCE,
DEPARTMENT OF TRANSPORTATION,
DEPARTMENT OF AGRICULTURE,
DEPARTMENT OF ENERGY,
DEPARTMENT OF THE INTERIOR,
DEPARTMENT OF HOMELAND SECURITY,
FEDERAL EMERGENCY MANAGEMENT AGENCY,
DEPARTMENT OF JUSTICE,
NATIONAL SCIENCE FOUNDATION,

    Defendants.

**PLAINTIFF'S UNOPPOSED MOTION FOR PAGE EXTENSION**

Pursuant to D.C.COLO.LCivR 7.1, as well as the Practice Standards of this Court, the State of Colorado respectfully requests a 10-page extension of the Court's standard limitation to

file a motion for preliminary injunction. As required, the parties conducted a good faith, substantive, and meaningful conferral prior to filing. Defendants consent, provided they are allotted an equal length for their response brief. Good cause supports Plaintiff's request:

1. As the Court recognized by prior minute order, this lawsuit "raises constitutional and statutory issues related to the President's executive authority and federalism." Dkt. 24.

2. Since then, Plaintiff filed an Amended Complaint, Dkt. 26, that adds allegations related to a number of recent actions that profoundly impact Colorado.

3. One challenged action is of particular immediate exigency. It pertains to the U.S. Department of Agriculture's ("USDA") directive that singles out Colorado to participate in a "pilot project" to recertify the eligibility of more than 100,000 Colorado households receiving Supplemental Nutrition Assistance Program ("SNAP") benefits, including in-person interviews, on a thirty-day timeframe. The USDA directive states that failure to comply as specified will trigger noncompliance sanctions, including threatening to remove Colorado from the SNAP program. This would have a grave impact on vulnerable families across Colorado.

4. In its forthcoming motion, Plaintiff intends to seek preliminary relief pertaining to USDA's actions. In the brief, Colorado will argue that the USDA's directive unlawfully singles out Colorado, violates at least three procedural requirements and at least five substantive laws, is arbitrary and capricious, and violates the Spending Clause. Because the State faces irreparable and immediate harm, Plaintiff will argue that early Court consideration is warranted.

5. SNAP itself is a complicated administrative scheme that involves an array of statutory and regulatory requirements at both the state and federal level. Plaintiff's legal arguments are based on the Administrative Procedure Act and the Constitution. In addition to

needing to address SNAP's factual details, Plaintiff's legal arguments, too, require careful briefing. To fully lay out the facts and the legal arguments for this Court's due consideration, Plaintiff requires additional space.

6. Plaintiff is extremely cognizant of the Court's desire that briefing be focused and concise. Plaintiff has endeavored to address its claims as efficiently as possible, but due to the numerosity and complexity of the issues involved, a page extension of 10 pages is required. Plaintiff further submits that these additional pages are warranted given the public import and the gravity of the potential sanctions.

7. Defendants consent to the requested relief, provided they receive the same length for their response.

8. Having shown good cause, Colorado respectfully requests an order by the Court granting permission to file a 25-page motion for preliminary injunction (inclusive of signature block and caption).

Dated January 9, 2026.    Respectfully submitted,

**PHILIP J. WEISER**
Attorney General of Colorado

By: /s/ David Moskowitz
David Moskowitz, *Deputy Solicitor General*
Talia Kraemer, *Assistant Solicitor General*
Sarah H. Weiss, *Sr. Assistant Attorney General*
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov
*Counsel for the State of Colorado*

# CERTIFICATE OF SERVICE

  I hereby certify that on January 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                 <u>/s/ David Moskowitz</u>
                 *Deputy Solicitor General*