IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-3428-RBJ

THE STATE OF COLORADO,

 Plaintiff,

v.

DONALD J. TRUMP, in his official capacity as President of the United States,
PETE HEGSETH, in his official capacity as Secretary of Defense,
TROY MEINK, in his official capacity as Secretary of the Air Force,
SEAN DUFFY, in his official capacity as Secretary of Transportation,
BROOKE ROLLINS, in her official capacity as Secretary of Agriculture,
CHRIS WRIGHT, in his official capacity as Secretary of Energy,
DOUG BURGUM, in his official capacity as Secretary of the Interior,
KRISTI NOEM, in her official capacity as Secretary of Homeland Security,
KAREN EVANS, in her official capacity as Acting Director of the Federal Emergency Management Agency,
PAM BONDI, in her official capacity as Attorney General,
BRIAN STONE, in his official capacity as Acting Director of the National Science Foundation,
EXECUTIVE OFFICE OF THE PRESIDENT,
DEPARTMENT OF DEFENSE,
DEPARTMENT OF THE AIR FORCE,
DEPARTMENT OF TRANSPORTATION,
DEPARTMENT OF AGRICULTURE,
DEPARTMENT OF ENERGY,
DEPARTMENT OF THE INTERIOR,
DEPARTMENT OF HOMELAND SECURITY,
FEDERAL EMERGENCY MANAGEMENT AGENCY,
DEPARTMENT OF JUSTICE,
NATIONAL SCIENCE FOUNDATION,

 Defendants.

## JOINT STATUS REPORT

 Pursuant to this Court's February 19, 2026, Order (ECF 66), the Parties respectfully submit this Joint Status Report to apprise the Court of their respective positions regarding next steps in

1

the litigation. The Parties have been unable to reach agreement, despite extensive meet-and-confer discussions, including via email and a lengthy videoconference on March 2, 2026. The Parties' respective positions are set forth, in brief, below. All Parties agree that the Court's resolution of this dispute at the outset would aid them and the Court to ensure efficient proceedings moving forward.

**Plaintiff's Position**

Rule 16 requires that, "unless the judge finds there is good cause for delay," a scheduling order must be entered "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). That time has passed, and there is no good cause for delay. Colorado's position is that, pursuant to Rule 16 and this District's local rules and standard practice, the parties should prepare a scheduling order and conduct a Rule 26(f) conference, so that this case can be expeditiously completed by the fall. Colorado has prepared a draft scheduling order and shared it with Defendants, including deadlines for production of the administrative records relevant to the Administrative Procedure Act claims and for discovery for the constitutional claims. In order to depart from that standard practice, Defendants would need to obtain a stay of discovery under the familiar factors outlined in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 8944955 (D. Colo. Mar. 30, 2006). The mere fact that some Defendants intend to move to dismiss some claims on ripeness or standing grounds, similar to what they argued (and lost) on the preliminary injunction, is not grounds for delay. The Court should order the parties to submit a proposed scheduling order by March 16, 2026. If Defendants wish to seek a stay, Colorado is amenable to a conference with the Court or an expedited briefing schedule to resolve that dispute in as efficient

a manner as possible, but that should not hold up the scheduling order. Additional briefing on the parties' respective proposals laid out here is not necessary.

Recent events only underscore the need to move forward expeditiously. Last month, the President admitted the direct link between the prosecution of Tina Peters and the Administration's targeting of Colorado, proclaiming "they're suffering a big price, Colorado" for Tina Peters and further threatened that "they better let her out fast."[1] Since this case was filed—and even since the complaint was amended in December—the Administration continues to retaliate against Colorado. Colorado has had to file two new cases to prevent actions targeting Colorado and a handful of other disfavored States, and that targeting is likely to continue. *See Illinois v. Vought*, No. 1:26-cv-01566 (N.D. Ill.); *New York v. Administration for Children and Families*, No. 1:26-cv-00172 (S.D.N.Y.). In one of the newly filed cases, the court already ordered expedited discovery, which showed that the Administration omitted all the relevant documents to the constitutional claims from the administrative record. Based on that same litigation, Colorado has ample reason to believe that discovery in this litigation will be highly contested, including extremely aggressive deliberative process redactions by the Administration, which will prolong the discovery process. For all these reasons, Colorado wishes to begin discovery expeditiously.

**Defendants' Position**

On March 27, 2026, Defendants will file at least a partial Motion to Dismiss the Amended Complaint for lack of subject-matter jurisdiction, including because Plaintiffs' claims against certain Defendants fail to meet Article III standing requirements, are not ripe, and/or are otherwise non-justiciable. Because jurisdiction is a requisite for this Court to compel any action, including

---

[1] Interview: Dan Bongino Interviews Donald Trump on His Podcast - February 2, 2026, https://f2.link/dt260202a.

3

merits discovery, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998), the Court should reserve setting a case schedule and imposing discovery obligations until the Motion to Dismiss is decided. Until that time, neither the Parties nor the Court will know the actual scope of the case moving forward (such as which Defendants remain), and therefore what the substance and timing of any administrative record or extra-record discovery should be. *See* Fed. R. Civ. P. 26(b)(1); *e.g.*, *Burkitt v. Pomeroy*, 2016 WL 696107, at *1, *3 (D. Colo. Feb. 22, 2016) (staying discovery pending motion to dismiss, observing that "[q]uestions of jurisdiction . . . should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties"). Even if the court does not wait to *resolve* the Motion to Dismiss to consider discovery, it should at least wait until the Motion to Dismiss is *filed* so that it can assess the proper contours of discovery in a concrete context.

Should the Court appreciate further explication of the parties' respective proposals, Defendants respectfully ask that the Court direct each side to submit streamlined briefing, no longer than 5 pages each, explaining their respective positions, in sequence, to avoid the inefficiencies that come with separate positions in a single document, as here.  Further, Defendants respectfully submit that fulsome briefing on a Motion to Stay Discovery at this time, as proposed by Plaintiff, is an unnecessary use of the Court's and Parties' limited resources, particularly given Defendants' impending dispositive deadline. Alternatively, or additionally, Defendants would welcome the opportunity to appear at a hearing before the Court, with a virtual option. Defendants appreciate the Court's consideration.

| | |
|---|---|
| PHILIP J. WEISER<br>Attorney General of Colorado<br><br> /s/ David Moskowitz<br>David Moskowitz<br>Deputy Solicitor General<br>Talia Kraemer<br>Assistant Solicitor General<br>Sarah H. Weiss<br>Senior Assistant Attorney General<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>(720) 508-6000<br>david.moskowitz@coag.gov<br>talia.kraemer@coag.gov<br>sarah.weiss@coag.gov<br><br>*Counsel for Plaintiff* | BRETT A. SHUMATE<br>Assistant Attorney General<br><br>JOSEPH E. BORSON<br>Assistant Director<br>Civil Division<br>Federal Programs Branch<br><br> /s/ Marianne F. Kies<br>MARIANNE F. KIES<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Federal Programs Branch<br>1100 L Street, NW<br>Washington, D.C. 20005<br>(202) 353-1819<br>Marianne.F.Kies@usdoj.gov<br><br>*Counsel for Defendants* |