

**U.S. Department of Justice**

Marianne F. Kies
Trial Attorney
Federal Programs Branch

---

Marianne F. Kies
Tel.: 202-353-1819
E-mail: Marianne.F.Kies@usdoj.gov

*1100 L Street, Northwest*
*Washington, DC 20005*

March 24, 2026

**Via CM/ECF**
Hon. R. Brooke Jackson

    **Re:**    **Defendants' Anticipated Motion to Dismiss**
        *State of Colorado v. Trump, et al.*, No. 1:25-cv-03428-RBJ (D. Colo.)

Your Honor:

    Pursuant to this Court's Practice Standard governing motions to dismiss, Defendants respectfully submit this letter in advance of filing a motion to dismiss for lack of jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

    The State of Colorado brings this action against the President, several federal agencies, and corresponding agency heads, challenging what Colorado characterizes as a federal "campaign of retribution" against the State. ECF 26 (Am. Compl.) ¶ 1. Specifically, Colorado alleges that the following agency actions were taken in purported retaliation for the State's allowing mail-in voting and prosecuting Mesa County Clerk and Recorder Tina Peters: (i) the Department of War's ("DOD") and Department of Air Force's ("USAF") alleged decision to relocate U.S. Space Command headquarters from Colorado Springs to Huntsville, Alabama; (ii) the Department of Agriculture's ("USDA") alleged decision to implement a pilot program for five Colorado counties as part of a SNAP fraud reduction effort; (iii) the Department of Energy's ("DOE") alleged "plans to terminate $615 million" in funds earmarked for Colorado; (iv) the National Science Foundation's ("NSF") announcement that it is "reviewing the structure" of funding surrounding the National Center for Atmospheric Research ("NCAR") in Boulder; (v) the Department of Interior's ("DOI") alleged compilation of a list of grants earmarked for Colorado for "possible termination"; (vi) the Department of Transportation's ("DOT") alleged termination of $109 million in funding for Colorado; and (vii) the Federal Emergency Management Agency's ("FEMA") alleged denial of disaster declaration requests. *See generally id.*

    The Amended Complaint alleges, against all Defendants, that the challenged actions are "retaliation" for the State's exercise of its sovereign authority, in violation of various constitutional

1

provisions. *Id.* ¶¶ 243–52 (Counts I and II). Colorado also separately challenges other agency actions under the APA and Spending Clause. *Id.* ¶¶ 253–313 (Counts III through VI).

**I.      Defendants Will Move to Dismiss Counts I and II Because There Is No Cognizable Constitutional Claim for Discrimination Against a State.**

Colorado's constitutional claims rest on the premise that the federal government has impermissibly discriminated against it as a State. These claims fail because discrimination against a State is not a cognizable constitutional injury. The principle of equal sovereignty operates as a federalism constraint when Congress singles out States in *legislation*. *See Shelby Cnty v. Holder*, 570 U.S. 529, 542–45 (2013). It does not restrict the federal government's discretion to steer federal benefits. Colorado's grievance here—that the federal government has made funding and policy decisions adverse to its interests—describes the ordinary operation of federal governance. *See, e.g.*, *Rust v. Sullivan*, 500 U.S. 173, 193 (1991) ("The Government can, without violating the Constitution, selectively fund a program to encourage certain activities it believes to be in the public interest . . . In so doing, the Government has not discriminated. . . it has merely chosen to fund one activity to the exclusion of the other.").

Colorado's equal sovereignty theory additionally fails because it presents no judicially manageable standard for distinguishing impermissible differential treatment from ordinary federal policy discretion—rendering it a question that belongs to the political branches, not the courts.

**II.     Colorado's Remaining Claims Against the Agencies (Counts III–VI) Fail for Lack of Subject-Matter Jurisdiction.**

A.   <u>Several of Colorado's Claims Are Not Ripe</u>.

Colorado's claims concerning DOE, NSF, and DOI grant termination should be dismissed under Rule 12(b)(1) because they are not ripe for adjudication. Ripeness is a jurisdictional prerequisite grounded in both Article III and the APA's restriction of judicial review to "final agency action." 5 U.S.C § 704; *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). A claim is not ripe unless the plaintiff faces injury that is "certainly impending," *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013), and the challenged conduct must mark the "consummation" of the agency's decision-making process and produce concrete legal consequences. *Bennett*, 520 U.S. at 177–78. The allegations concerning grant termination are premature. Colorado relies on DOE's reported "plans to terminate" earmarked funds; "DOE has not yet formalized these cuts into any final action." Am. Compl. ¶ 92. NSF "has taken no publicly documented action to dismantle NCAR and has instead announced that it is 'reviewing the structure' and will publish a letter in the future about any follow-on actions." *Id.* ¶ 97. As for DOI, Plaintiff alleges only that the Administration has asked DOI to compile a list of grants earmarked for "possible termination." *Id.* ¶ 108.

Colorado's claims concerning USDA SNAP funding are similarly unripe. As a threshold matter, federal law establishes a specific administrative process that must be followed before the federal government may reduce or terminate a State's SNAP funding. *See* 7 C.F.R. §§ 276.4,

276.5. The Government has not initiated, let alone completed, this lengthy process with Colorado. There is no final agency action and no concrete injury for this Court to adjudicate.[1]

Finally, Colorado lacks standing to bring its challenges regarding FEMA, and its claims against FEMA are unripe, because the decision not to declare a disaster rests with the President and because any initial denials of requests for disaster declarations are on appeal.

B.  Because Plaintiff Seeks Specific Performance of Contractual Agreements, Plaintiff Is in the Wrong Court.

Because Plaintiff's grant-termination claims ask for specific performance of contractual agreements, such claims are committed to the exclusive jurisdiction of the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1). The Tucker Act precludes relief under the APA (or otherwise), because the APA's waiver of sovereign immunity is limited to claims "seeking relief other than money damages," and the APA does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702.

C.  The Space Command Claims Fail for Independent Reasons.

Colorado's APA claim against DOD and USAF, brought under 10 U.S.C. § 483, is foreclosed for at least two additional reasons. First, Colorado is outside § 483's zone of interest. DOD's obligations under that statute run exclusively to "the congressional defense committees." The statute creates no notification right, procedural protection, or cognizable interest for state or host communities of military installations, and a plaintiff whose interests are unrelated to a statute's protective purpose cannot invoke it. *Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 130 (2014). Second, the adequacy of agency responses to Congressional reporting requirements are "committed to congressional discretion in measuring the fidelity of the Executive Branch action to legislatively mandated requirements." *Nat'l Resources Def. Council, Inc. v. Hodel*, 865 F.2d 288, 318 (D.C. Cir. 1988). The sufficiency of DOD's or USAF's reporting to Congress is therefore not justiciable.[2]

DATED:  March 24, 2026

BRETT A. SHUMATE
Assistant Attorney General

*s/ Marianne F. Kies*
Marianne F. Kies
Trial Attorney

---

[1] Defendants acknowledge that this Court has partially addressed certain of these issues in its order on Plaintiffs' Motion for Preliminary Injunction. ECF 68. Defendants will move to dismiss on the issues already addressed because they respectfully disagree with the Court's rulings, and because Plaintiffs' lack of standing is on ongoing issue depriving this Court of jurisdiction to decide these claims.

[2] Defendants will also move to dismiss Defendants against whom Plaintiffs do not allege adverse action, such as the Department of Justice.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2026, a true and correct copy of the foregoing was filed through the CM/ECF system which will serve notification to counsel of record for Plaintiffs.

/s/ *Marianne F. Kies*
Marianne F. Kies