**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-3428-RBJ

**THE STATE OF COLORADO**,

       *Plaintiff*,

v.

**DONALD J. TRUMP, et al.**,

       *Defendants.*

---

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF CALIFORNIA,
MINNESOTA, NEW YORK, CONNECTICUT, DELAWARE, HAWAII, ILLINOIS,
MAINE, MARYLAND, MASSACHUSETTS, MICHIGAN, NEVADA, NEW JERSEY,
NEW MEXICO, OREGON, RHODE ISLAND, VERMONT, WASHINGTON, AND THE
DISTRICT OF COLUMBIA AS *AMICI CURIAE***

---

*Amici curiae*, 18 States and the District of Columbia, respectfully move the Court for leave to file the *amicus* brief attached as **Exhibit A** in support of Plaintiff State of Colorado's opposition to Defendants' Partial Motion to Dismiss.  *See* Dkt. Nos. 82, 89.  There is good cause for granting *amici*'s motion, which Defendants do not oppose.

## I.   LEGAL STANDARD

Although there is no Tenth Circuit appellate precedent or Rule of Civil Procedure governing *amicus* participation in the federal trial courts,[1] district courts retain broad discretion to accept *amicus* participation.  *Sec. & Exch. Comm'n v. Cetera Advisors LLC*, 2020 WL 13470960, at \*1 (D. Colo. Aug. 25, 2020) (granting motion for leave to file brief of *amicus curiae*); *Vigil v. American Tel. and Tel. Co.*, 1969 WL 118, at \*1 (D. Colo. Sept. 9, 1969) ("District Courts have long been permitted to allow *amicus* appearances at their discretion.").  This Court has found several factors to be helpful, including:

> (1) whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and perhaps most importantly (5) the usefulness of information and argument presented by the potential amicus curiae to the court.

*Cetera Advisors LLC*, 2020 WL 13470960, at \*1 (citation omitted).

The fifth factor is the "final and most relevant factor."  *Medina v. Catholic Health Initiatives*, 2015 WL 13683647, at \*1 (D. Colo. Oct. 7, 2015).  As this Court explained, "An *amicus* brief should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide."  *Id.*; *see also*

---

[1] To be sure, on appeal, courts generally grant *amicus* participation when the "briefing is relevant to the disposition of the case."  *Rio Grande Foundation v. Oliver*, 154 F.4th 1213, 1230 n.12 (10th Cir. 2025) (applying Federal Rule of Appellate Procedure 29); *see also New Mexico Oncology and Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1175-76 (10th Cir. 2021 (motion seeking leave to participate as *amicus* must state the movant's interest, why an *amicus* brief is desirable, and why the matters asserted are relevant to the disposition of the case).

*High Country Conservation Advocs. v. U.S. Forest Serv.*, 333 F. Supp. 3d 1107, 1116 (D. Colo. 2018), *vacated and remanded on other grounds*, 951 F.3d 1217 (10th Cir. 2020) (finding *amicus* participation warranted even where *amicus* addressed same issues as parties, because *amicus* had particular expertise and provided unique perspective).

## II.    ARGUMENT

*Amici*, 18 States and the District of Columbia, offer a unique perspective that may aid the Court in deciding Defendants' partial motion to dismiss.  *Amici* are represented by their Attorneys General, who, as the chief legal officers of their respective States, are entrusted with the responsibility to vigorously and ethically advance their States' sovereign interests.  In this capacity, *amici* are uniquely well situated to advise the Court on the Trump Administration's retaliation against States based on those States' exercise of their core sovereign powers, and the Administration's attempts to compel States to exercise their sovereign powers in ways that the President wants.  In particular, *amici* States explain through numerous concrete examples how the Trump Administration has retaliated against States for (1) their administration of federal elections, a key state power under the Constitution; and (2) their refusal to alter their treatment of immigrants. *Amici* argue that the harms—both actual and threatened—suffered by Plaintiff State of Colorado are also suffered by *amici* States.  In other words, the Trump Administration is engaging in a *pattern* of targeting States for retribution based on those States' exercise of core sovereign powers. While Plaintiff State of Colorado is eminently capable of making arguments without assistance, *amici* are in the best position to describe and share such examples with the Court.

//

//

//

### III.    CONCLUSION

For the foregoing reasons, *amici* respectfully move the Court for leave to file the brief attached to this motion as **Exhibit A**.

Dated:  July 29, 2026

Respectfully submitted,

**ROB BONTA**
*Attorney General of California*

LARA HADDAD
MATTHEW WISE
Supervising Deputy Attorneys General
CHRISTOPHER KISSEL
Deputy Attorney General

 /s/ *Vanessa Ing*

VANESSA ING*
Deputy Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Vanessa.Ing@doj.ca.gov
(415) 510-3464

*Admitted to practice in the District Court for the District of Colorado*

*Attorneys for Amici State of California*

**LETITIA JAMES**
*Attorney General of New York*
BARBARA D. UNDERWOOD
 *Solicitor General*
JUDITH VALE
 *Deputy Solicitor General*
MORENIKE FAJANA
 *Special Counsel*
28 Liberty Street
New York, NY 10005

**KEITH ELLISON**
*Attorney General of Minnesota*
BRIAN S. CARTER
*Special Counsel*
445 Minnesota Street, Suite 600
St. Paul, MN 55101-2125

4

**WILLIAM TONG**
*Attorney General of Connecticut*
165 Capitol Avenue
Hartford, CT 06106

**KATHLEEN JENNINGS**
*Attorney General of Delaware*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801

**ANNE E. LOPEZ**
*Attorney General of Hawai'i*
425 Queen Street
Honolulu, HI 96813

**KWAME RAOUL**
*Attorney General of Illinois*
115 S. LaSalle St.
Chicago, IL 60603

**AARON M. FREY**
*Attorney General of Maine*
6 State House Station
Augusta, ME 04333-0006

**ANTHONY G. BROWN**
*Attorney General of Maryland*
200 Saint Paul Place
20th Floor
Baltimore, MD 21202

**ANDREA JOY CAMPBELL**
*Attorney General of Massachusetts*
One Ashburton Place
Boston, MA 02108

**DANA NESSEL**
*Attorney General of Michigan*
P.O. Box 30212
Lansing, MI 48909

**AARON D. FORD**
*Attorney General of Nevada*
100 North Carson Street
Carson City, NV 89701

**JENNIFER DAVENPORT**
*Attorney General of New Jersey*
Richard J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625

**RAÚL TORREZ**
*Attorney General of New Mexico*
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501

**DAN RAYFIELD**
*Attorney General of Oregon*
1162 Court Street NE
Salem, OR 97301

**PETER F. NERONHA**
*Attorney General of Rhode Island*
150 South Main Street
Providence, RI 02903

**CHARITY R. CLARK**
*Attorney General of Vermont*
109 State Street
Montpelier, VT 05609

**NICHOLAS W. BROWN**
*Attorney General of Washington*
P.O. Box 40100
Olympia, WA 98504

**BRIAN L. SCHWALB**
*Attorney General of the District of Columbia*
400 6th Street NW
Washington, DC 20001

**Local Civil Rule 7.1(a) Certification**

The undersigned counsel certifies that counsel for the movant has conferred with counsel for Defendants. While *amici* believe that any conference with opposing counsel would be futile given the nature of the case and proposed filing, *amici* communicated their intent to file an *amicus* brief to Defendants on July 27. *Amici* requested that Defendants provide their position on the filing in that communication. Defendants informed *amici* that they did not oppose the filing.

Dated:  July 29, 2026

Respectfully submitted,

ROB BONTA
*Attorney General of California*

LARA HADDAD
MATTHEW WISE
Supervising Deputy Attorneys General
CHRISTOPHER KISSEL
Deputy Attorney General

 /s/ *Vanessa Ing*
VANESSA ING*
Deputy Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Vanessa.Ing@doj.ca.gov
(415) 510-3464

*Admitted to practice in the District Court
for the District of Colorado*

*Attorneys for Amici State of California*