IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:25-cv-03428-RBJ

THE STATE OF COLORADO,

Plaintiff,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et.al.*,

Defendants.

---

**FURTHER FINDINGS**

---

On August 11, 2026, the Court held a discovery hearing and ordered that the Executive Office of the President ("EOP") must participate in discovery. ECF Nos. 101, 102. The Court made numerous findings during that hearing supporting its conclusions. The Court also permitted either party to submit further briefing or proposed findings. ECF No. 102, ("Tr.") at 40. The Court received further proposed findings from Plaintiff, ECF No. 106-1, and Defendants objected, ECF No. 112. Having fully reviewed the parties' arguments, the Court makes the following further findings:

## I. The August 11, 2026, Discovery Hearing

On July 23, 2026, Plaintiff emailed the Court requesting a discovery hearing because the parties had "reached an impasse on . . . important threshold issues on the scope of discovery," including, among other disputes, that "Defendant [EOP] . . . objects to and refuses to participate in discovery." ECF No. 113-1 at 1.

Consistent with the Court's practice standards, it held a discovery hearing on August 11,

2026, because it hears "these discovery disputes and attempt[s] to resolve them quickly, clearly, and without the need for excessive motion practice." Tr. at 40. After hearing from the parties, the Court made various findings, including characterizing the case as "not typical or . . . ordinary," *id.* at 42, and describing certain disputed discovery requests as "specific" and not "burdensome," *id.* at 31–32. With respect to EOP's participation in discovery, the Court held, "[t]hey're obviously very centrally involved in the issues, and they are ordered by this Court to participate in discovery like any other party." *Id.* at 43.

The Court further stated, "I will leave it to you lawyers to decide whether you think you need further motion practice, further briefing, further proposed findings, and you can do what you need to do." *Id.* at 40. Accordingly, Plaintiff filed their Motion for Order to Make Further Proposed Findings eight days later, ECF No. 106, and Defendants responded in opposition, ECF No. 112. The Court initially did not act on the motion, believing that Defendants' mandamus petition in the Tenth Circuit might have denied this Court jurisdiction to proceed further. However, the Court now understands that the Tenth Circuit might be waiting for this Court to resolve the pending motion.

## II. Further Findings

As a threshold matter, Defendants suggest that it is improper "for Plaintiff's to provide the Court a post-hoc rationale for an order the Court issued over two weeks ago." *Id.* at 7–8. But they ignore Federal Rule 54 which makes clear that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b); *see also* Fed. R. Civ. P. 52(b) (stating that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its finding—or make additional findings—and may

amend the judgment accordingly").

Thus, the Court may elaborate on, or add to, its findings from the August 11th hearing. The Court now makes further findings of fact and law regarding its ruling requiring EOP to participate in discovery. Specifically, both parties raised detailed arguments in their post-hearing briefs concerning *Cheney v. U.S. District Court for District of Columbia*, 542 U.S. 367 (2004), which was also discussed at the hearing. ECF No. 106 at 2; ECF No. 112 at 2; Tr. at 42. The Court provides a more detailed analysis of *Cheney* below.

## III. Application of *Cheney*

*Cheney* concerned orders from the United States District Court for the District of Columbia directing senior Executive Branch officials to produce information about a task force that gave advice to the President. 542 U.S. at 372. The United States Supreme Court held that "[g]iven the breadth of the discovery requests," the Executive Branch need not "bear the burden" of making particularized objections. *Id.* at 388.

But this Court's August 11th ruling concerned a much different threshold question: whether a part of the Executive Branch, which is a named defendant and central to the litigation, can refuse to participate in discovery *completely*. Crucially, unlike in *Cheney*, no specific discovery requests were before the Court on this issue. The Court merely ordered EOP to participate in discovery as allowed by the Constitution and not broadly claim that it was exempted.

*Cheney* directly supports this conclusion. As the Court acknowledged at the hearing, "Cheney doesn't hold that discovery against [EOP] is not possible." Tr. at 24; *see Cheney* 542 U.S. at 382 (noting that the President is not above the law). In fact, *Cheney* concluded by saying, "[w]e note only that all courts should be mindful of the burdens imposed on the Executive

Branch in any future proceedings." 542 U.S. at 391. Thus, the Court ordering EOP to participate in discovery is consistent with *Cheney*.

The parties raise additional issues under *Cheney* that the Court addresses in turn.

**a. Exhaustion**

Defendants claim that because Plaintiff has failed to exhaust discovery to the agency defendants, *Cheney* forbids any discovery requests to the EOP. ECF No. 112 at 10–13. But *Cheney* merely states, "[T]here is sound precedent in the District of Columbia itself for district courts to explore other avenues, short of forcing the Executive to invoke privilege, when they are asked to enforce against the Executive Branch unnecessarily broad subpoenas." 542 U.S. at 390.

Again, the Court notes that no subpoenas or other specific discovery requests were before it at the hearing. Indeed, when Defendants brought an interrogatory to the Court's attention at the hearing, arguing that it was overly broad, the Court said, "I don't necessarily disagree with you. I have never seen interrogatory 14. I have only heard you say what it was. But it sounds to me as if it potentially is overbroad and burdensome. And that is why competent counsel sit down together, as you say you and Mr. Moskowitz have done, and you narrow it down." Tr. at 34. This resembles the example of district courts "explor[ing] other avenues" discussed in *Cheney*. 542 U.S. at 390 (describing district court narrowing scope of subpoenas).

Even still, beyond its threshold ruling that EOP was not completely exempt from its discovery obligations under *Cheney*, the Court made specific findings as to the uniqueness of the information EOP held. Regarding an email sent from the EOP to organize a brainstorm call with defendant agencies to "discuss immediate actions that your department or agency can take with respect to Colorado," the Court noted that pursuing discovery from the agencies about the underlying EOP motivations for the email would be futile because the agencies "weren't the ones

that were making the decisions to do these things." Tr. at 42–43. Similarly, Plaintiff's complaint alleges that during the targeting of Colorado, an EOP official emailed the media a statement: "Maybe if Colorado had a governor who actually wanted to work with President Trump, his constituents would be better served." ECF No. 78 at ¶ 93. Only EOP has access to discovery surrounding this threat, including the copy of the email and the identity of the individual issuing the threat.

Defendants maintain that "*Cheney* does not have a futility exception." ECF No. 112 at 12. But nothing in *Cheney* suggests that a plaintiff is required to mechanically ask other defendants for information that only the Executive possesses before it is then allowed to request that information from the Executive. Doing so would run contrary to the efficiency principles motivating discovery. In fact, *Cheney* does not mention serving discovery requests to other defendants as an alternative to pursuing discovery from the Executive at all.[1]

**b. Narrow Tailoring**

In a similar vein, Defendants are misguided in their argument that the Court's order runs afoul of *Cheney* because Plaintiff did not "appropriately tailor[]" its discovery requests to EOP. ECF No. 112 at 13.

As discussed previously, the Court's order just forbade EOP from making the blanket claim that it was not susceptible to discovery and resolved no particular discovery requests. This makes the Court's order a far cry from the District Court's actions in *Cheney*, which allowed discovery that requested "everything under the sky." 542 U.S. at 387. And in that case, the court

---

[1] The Court notes that many of the separation of powers concerns of the *Cheney* court that made it a weak case for intruding upon the province of the Executive are not present here. For example, this case involves direct Executive action in violation of federalism principles "where a court's ability to fulfill its constitutional responsibility to resolve cases and controversies within its jurisdiction hinges on the availability of certain indispensable information." *Cheney*, 542 U.S. at 385.

ignored the government's objections to the scope of discovery and its requests to narrow it. *Id.* No such scenario happened here, because again, Defendants had not brought to the Court any particularized objections to Plaintiff's discovery requests or asked for a narrowing of its scope.[2] At this point, it's even unclear to the Court to what extent the parties have conferred or discussed the scope of the discovery requests to EOP besides its outright refusal to participate in discovery.[3]

Therefore, it is hereby ORDERED that:

1. Plaintiff's Motion for Order to Make Proposed Further Findings, ECF No. 106, is GRANTED IN PART and DENIED IN PART.

It is SO ORDERED.

Dated: October 27, 2026. BY THE COURT:



R. Brooke Jackson
Senior United States District Court Judge

---

[2] Plaintiff has subsequently filed a motion to compel discovery. ECF No. 120. Defendant has responded, and Plaintiff has replied. ECF Nos. 121, 123. Defendant has also submitted more than 400 documents for *in camera* review, seeking rulings on various claimed privileges. The Court has not yet had an opportunity to rule on the motion or to review the documents *in camera.*

[3] The few times at the hearing that the parties did discuss particular discovery requests, the Court made clear when the parties should confer further to narrow the overbroad requests, Tr. at 34, when the requests should be limited, *id.* at 44, and when they were not overly broad, *id.* at 45.